IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,328-01






EX PARTE EDUARDO R. CANALES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 04-CR-3360-A IN THE 28TH JUDICIAL DISTRICT COURT
OF NUECES COUNTY




 Per curiam.


 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art 11.07. 
Applicant pleaded guilty to robbery, and punishment was assessed at thirty years'
confinement. Applicant's direct appeal was dismissed for want of jurisdiction. Canales v.
State, No. 13-05-00122-CR (Tex. App. --Corpus Christi, delivered, April 7, 2005, no pet..).

 Applicant contends inter alia that his trial counsel was ineffective for failing to file
a timely notice of appeal. The record reflects that Applicant filed a pro se notice of appeal
after the deadline for filing such a notice had passed. The record also reflects that trial
counsel filed a motion to withdraw from the representation, and appellate counsel was
appointed at some time following Applicant's conviction. However, it appears that counsel
did not file this motion to withdraw until well after the appellate deadline.

 The trial court has entered an order concluding "that there are no controverted,
previously unresolved facts material to the legality of the Applicant's confinement...." 
However, we disagree. Applicant has stated facts requiring resolution. Because this Court
cannot hear evidence, it is necessary for the matter to be remanded to the trial court for
resolution. This trial court may resolve the factual issues as set out in Tex. Code Crim.
Proc. art 11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories from
trial counsel and appellate counsel, or it may hold a hearing. In the appropriate case, the trial
court may rely on personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
first as to whether Applicant had any right to appeal following his guilty plea. If Applicant
did have some right to appeal (based, for example, on the trial court's certification thereof),
the court shall make findings as to whether Applicant expressed a desire to appeal his
conviction, and if so when and to whom. If Applicant did express a desire to appeal his
conviction before the deadline for filing a notice of appeal, the trial court shall make findings
as to whether Applicant was represented by counsel at that time. If Applicant's trial counsel
filed a motion to withdraw from the representation, the trial court shall make findings as to
the date of the filing. The trial court shall also make findings as to when appellate counsel
was appointed, and as to whether the appointment of appellate counsel was before or after
the deadline for filing a notice of appeal had passed. The trial court shall also make any
further findings of fact and conclusions of law it deems relevant and appropriate to the
disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 169 Tex.Cr.R. 367,
334 S.W.2d 294 (Tex.Crim.App. 1960), this application for a post-conviction writ of habeas
corpus will be held in abeyance pending the trial court's compliance with this order. The
trial court shall resolve the issues presented within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits, the transcription of the court reporter's notes
from any interrogatories or hearings held, along with the trial court's findings of fact and
conclusions of law, shall be returned to this Court within one hundred and twenty days of the
date of this order. (2)


 IT IS SO ORDERED THIS THE FIRST DAY OF FEBRUARY, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.